**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4642

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONATHAN WESLEY EVANS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:16-cr-00062-CCE-1)

Submitted: March 23, 2017                                    Decided: April 10, 2017

Before AGEE and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, John M. Alsup, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Wesley Evans pled guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Evans to 57 months' imprisonment, to run concurrently for 6 months with his state sentence and the remainder to run consecutively to the state sentence. Evans challenges the court's decision not to order his federal sentence to run entirely concurrently with his state sentence. Finding no error, we affirm.

We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Berry*, 814 F.3d 192, 194-95 (4th Cir. 2016). In determining whether a sentence is procedurally reasonable, we consider, among other factors, whether the district court properly calculated the defendant's advisory Guidelines range and adequately explained its chosen sentence. *Gall*, 552 U.S. at 51. If a sentence is free of "significant procedural error," this court then reviews it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* "Any sentence that is within . . . a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." *Id.* We review a district court's decision whether to impose a concurrent or consecutive sentence for abuse of discretion but review de novo whether the district court properly applied the relevant Guidelines. *United States v. Puckett*, 61 F.3d 1092, 1097 (4th Cir. 1995).

2

In this case, the district court had discretion to order Evans' sentence "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S. Sentencing Guidelines Manual § 5G1.3(d), p.s. (2015). In imposing a sentence at the top of the Guidelines range, the court considered the nature of the offense, Evans' prior conviction for robbery with a dangerous weapon, and the fact that he committed the instant offense as part of a series of criminal acts he committed over the course of several months. Evans was serving the sentence for his convictions related to this crime spree, as well as for a state drug trafficking conviction, at the time his federal sentence was imposed. Taking into account the impact his state convictions had on his criminal history category and defense counsel's argument about related conduct, the court directed that six months of Evans' sentence was to be served concurrently with his state sentences, specifically noting that the remainder would be served consecutively because, despite similarities between his state and federal offenses, "largely the conduct here is very different from what's gotten him before the state courts and the sentence he is now serving."

We conclude that the court adequately considered the appropriate factors in deciding whether and to what extent to run Evans' federal sentence consecutively to the remainder of the undischarged state sentence and that its explanation for its chosen sentence was sufficient. *See* 18 U.S.C. § 3584(b) (2012) (referencing 18 U.S.C. § 3553(a). Accordingly, we affirm the district court's judgment. We dispense with oral

3

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*